# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RANDY DALE JACKSON                                                             PLAINTIFF

V.                                                                               NO. 1:09CV246-B-A

JEANETTE HARRINGTON, et al.                                    DEFENDANTS

## REPORT AND RECOMMENDATION

On February 24, 2010, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

### Allegations

Plaintiff claims violation of his right to due process. On March 25, 2009, prison officials conducted a search of plaintiff's bunk. The plaintiff saw a corrections officer shaking his mattress, then saw "something" fall out of a hole in the mattress and the officer retrieve the item. He says that he was never questioned or confronted about the item extracted from the mattress until he later received a Rule Violation Report ("RVR") for possession of marijuana. The plaintiff denied that he possessed marijuana which the guards reportedly found in the mattress. He explained instead that he had recently been given the mattress, which was already torn when he received it. He theorizes that whomever had the mattress before him hid the marijuana inside mattress.

The plaintiff was ultimately found guilty of possession after a disciplinary hearing but received no punishment as a result. The plaintiff complains, however, that the disciplinary hearing failed to comport with minimal due process requirements because it was conducted by a biased staff member, and he was denied the opportunity to call a corrections officer as a witness.

**The Parties**

The defendants in this case are Jeanette Harrington, who was the disciplinary hearing officer, Warden Tim Palmer, and administrator Tracey Sanders. At the *Spears* hearing, the plaintiff was allowed to substitute "William Sanders" for "Tracey Sanders," and Tracey Sanders was voluntarily dismissed. The docket should be corrected to reflect that William Sanders is the correct defendant.

The plaintiff candidly admitted at the hearing that Warden Palmer was named a defendant solely because Palmer signed a grievance response form. A prison official cannot be liable without any personal involvement in the events which gave rise to a civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009). Because plaintiff has neither claimed nor established that Warden Palmer had any personal involvement or direct causal connection to the facts which form the basis of his claim, Warden Palmer should be dismissed with prejudice. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Although defendant William Sanders allegedly participated in the search of the plaintiff's bunk, he had no further involvement in the disciplinary process. The court can discern no factual allegation that could lead to a decision that Sanders violated the plaintiff's constitutional rights. Accordingly, defendant William Sanders should be dismissed with prejudice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009).

**Due Process Claim**

A prison disciplinary hearing is not part of criminal prosecution and, therefore, the "full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the factfinder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Id.* at 564-66.

**Adjudicator Bias**

Here, the plaintiff alleged that hearing officer Harrington was biased because she serves under the command or supervision of officers who conducted the search which gave rise to the issuance of the RVR. The Fifth Circuit has explained that "prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." *Frank v. Larpenter*, 234 F.3d 706, 2000 WL 1598076 at *3 (5th Cir. Oct. 3, 2000). "[T]he extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which 'guards and inmates co-exist in direct and intimate contact.'" *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984) (citations omitted). In order to prevail on a claim of adjudicator bias, an inmate must show that the hearing officer's involvement presented "'such a hazard of arbitrary decisionmaking that it should be held violative of due process of law.'" *Frank*, 2000 WL 1598076 at *3, quoting *Wolffe v. McDonell*, 418 U.S. at 560. *See also Wolff*, 418 U.S. at 592 (Marshall, J., concurring in part and dissenting in part) ("in my view due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case.").

Absent any supportive facts, the plaintiff's claim of bias is wholly conclusory. Other than the mere fact that Harrington, a Correctional Officer, works under some of the officers who conducted the search, he has failed to allege that those MDOC staff members exercised control over defendant Harrington that might tend to prove a hazard of an arbitrary result at a disciplinary hearing. Indeed, the Fifth Circuit has recognized the isolated nature of the prison must be considered when analyzing a bias claim. Consistent with this holding, it would be difficult to envision that there is any prison official, other than perhaps the Warden, who acts independently of all corrections officers. Certainly only the highest echelon of officers would be qualified to conduct disciplinary hearings. Here, there is no allegation that defendant Harrington acted in an arbitrary manner. Rather, the plaintiff is asking the court to infer a bias based on

defendant Harrington's subordinate relationship to other MDOC staff members. The law, however, does not allow the court to make such an inference. Accordingly, the plaintiff's conclusory allegations fail to state a bias claim against defendant Harrington.

## Failure to Allow Witness

Prison officials are not required to state their reasons for refusing to call a witness. *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979). The right to call witnesses at a disciplinary hearing is not absolute. The disciplinary hearing officer may refuse to allow a witness to testify if that testimony would be irrelevant, unnecessary, or hazardous to institutional safety and correctional goals. *Id.* at 566-70.

The plaintiff claimed that he was denied the opportunity to call Corrections Officer Matthew Hebert as a witness. The plaintiff contends that Hebert would have testified on his behalf that the mattress was already torn when it was given to the plaintiff. Presumably, in the plaintiff's estimation, this would have established his innocence of the possession charge.

First, Hebert's proposed testimony would not prove that it was the mattress's previous owner who placed the marijuana inside and that plaintiff did not. Even with Hebert's testimony, guilt or innocence still rested upon the plaintiff's word against the fact that marijuana was found inside a mattress in his possession. The disciplinary hearing officer, in this case Defendant Harrington, could have simply concluded that testimony from Hebert on this point was irrelevant and unnecessary. For these reasons, the plaintiff has failed to state a due process claim against Harrington.

## Atypical Punishment

*Wolff v. McDonnell* sets forth a panoply of rights to which an inmate is potentially entitled in a disciplinary action. This standard was slightly altered by *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The *Sandin* court concluded that inmates possess very limited due process rights where the punishment imposed upon the inmate does not amount to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison

life." After *Sandin*, disciplinary punishment which affects an inmate's length of confinement or which exceeds the sentence in an unexpected manner may violate procedural due process rights, other punishments typical of prison life, such as segregated confinement do not invoke such rights.

At the *Spears* hearing, the plaintiff admitted that he has not suffered any punishment despite being found guilty of possession. It was the recommendation of the disciplinary hearing officer that the plaintiff be reclassified, but to date – almost one year later – he has not. Under *Sandin*, absent any significant hardship or atypical punishment the plaintiff's due process claim must fail; here there was none. Even if the plaintiff's classification had been adversely affected, such a scenario would not support a due process claim because inmates have no protectable liberty interest in a particular custody level. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The plaintiff has, therefore, failed to state a claim upon which relief may be granted.

## Conclusion

It is the recommendation of the undersigned that defendant Tracey Sanders be dismissed on the motion of the plaintiff; that William Sanders be added as a named defendant; that defendant Tim Palmer be dismissed with prejudice due to the plaintiff's failure to state a claim against him; and that the complaint be dismissed with prejudice as to defendants Harrington and William Sanders because the plaintiff has failed to state a due process claim against them.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen (14) days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing

5

the enclosed acknowledgment form and returning it to the court within fourteen (14) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 3rd day of March, 2010.

/s/ Allan Alexander
U.S. MAGISTRATE JUDGE